IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES LITTON MORRIS,
    Petitioner,

vs.                                           Case No. 3:08cv492/LAC/EMT

WALTER A. McNEIL,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This cause is before the court upon referral from the clerk. Petitioner commenced this action by filing a habeas petition under 28 U.S.C. § 2254 (Doc. 1). He subsequently filed an amended petition (Doc. 8). On January 30, 2009, this court entered an order giving Petitioner twenty (20) days in which to provide two copies of his amended habeas petition for service upon Respondents, or in the alternative, file a notice of voluntary dismissal (Doc. 9). Petitioner failed to respond to the order; therefore, on February 23, 2009, the court issued an order requiring Petitioner to show cause, within twenty (20) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 10). The time for compliance with the show cause order has now elapsed with no response from Petitioner.

        Accordingly, it is respectfully **RECOMMENDED**:

        That this case be **DISMISSED without prejudice** for Petitioner's failure to comply with an order of the court.

        At Pensacola, Florida, this 23rd day of March 2009.

                                                  /s/ *Elizabeth M. Timothy*
                                                **ELIZABETH M. TIMOTHY**
                                               **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**